## TALITHA EVANS *v.* R. PREWITT ET AL.

**Female Guardian—Marriage—Funds Belonging to Ward which Passes Into Husband's Hands—Legal Rights of Ward—Priority of Claims as to General Creditors.**

> Whilst our Statutes provide that upon the marriage of an executrix or administratrix, her fiducial powers shall cease, no such provision exists as to female guardians; and as funds belonging to her wards in her hands, which may pass into her husband's hands as fiduciaries, and not in his hands merely as borrower. An equitable construction of the Statutes attach the same legal rights to the wards against him, as though he had been legally, a strictly appointed guardian.

**Same.**

> As the influence and power of the husband over the wife, would likely superinduce violations of her fiducial duties, he should incur with her, when he does so, at least equivalent fiducial responsibilities; and as the use, by him, of the ward's money, without personal security, was a violation of the wife's fiducial duties which attached fiducial responsibilities; we think these attach to the husband, and that the ward's should equitably be entitled to all their rights as against him to the mother, had she been insolvent, and consequently entitled to priority over the general creditors, so far as the husband may have had their funds in his hands.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 13, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This was a suit brought in the Fayette Circuit Court by Robert Prewitt as assignee of Silas Evans, against said Evans' creditors and others, to ajust the conflicting claims to the assigned property, to determine who were creditors of said Evans, adjust their priorities and equities, and for a sale of the trust property, and a distribution of its proceeds. Hence, however erroneous may have been the judgment of the Clark Circuit Court, rendered May 6, 1859, in which the conflicting claims of Silas Evans and his children, by his deceased wife Pasrule Evans, to her distributive share in her deceased father's estate may have been, it cannot be inquired into in this suit, but it is binding and conclusive until opened or reversed by the proper appropriate proceedings.

Talitha Evans ,the second and present wife of Silas Evans, was at the time of their marriage and still continues to be guardian for the minor children by her first husband, Walls, and had in her hands some several thousand dollars of their funds, a part of which assets was loaned to him before, and some since their marriage.

The court rejected the notes of Silas Evans to his wife as guardian, evidencing this indebtedness, and resorted to the county court settlements and other evidence to ascertain how much of said funds were in his hands, and having ascertained this, ordered a pro rata allowance thereof, out of the insolvent debtor's estate, with his other creditors.

If he had been the legal technical guardian, this class of creditors would have been entitled to priority and full satisfaction of their claims before general distribution among the general creditors. Whilst our Statutes provide that upon the marriage of an executrix or adminstratix, her fiducial powers shall cease, no such provision exists as to female guardians; and as funds belonging to her wards in her hands which may pass into her husband's hands are not in the strict legal sense loaned out, but should be regarded in her and her husband's hands as fiduciaries and

not in his hands merely as a borrower, we think an equitable construction of the statutes should attach the same legal rights to the wards against him as though he had been strictly and legally appointed guardian.

As the influence and the power of the husband over the wife would likely superinduce violations of her fiducial duties, he should incur with her, when he does so, at lease equivalent fiducial responsibilities; and as the use, by him, of the wards money without personal security was a violation of her fiduical duties which attached fiducial responsibilities, we think these attached to him and that the wards should equitably be entitled to all their rights as against him to the mother, had she become insolvent, and consequently entitled to priority over the general creditors so far as he may have had their funds in his hands.

This being the only error perceived in the judgment, it is reversed for this alone with directions to correct this error by further appropriate proceedings, as herein indicated.

*Kinkead & Barr,* for appellant.

*Hume & Beck,* for appellees.